# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

H.H. FRANCHISING
SYSTEMS, INC.,

        **Plaintiff,**                **Case No. 1:19-cv-349**
                                     **JUDGE DOUGLAS R. COLE**
    v.

SHARON L. CLARK, *et al.*,

        **Defendants.**

## OPINION AND ORDER

This cause comes before the Court on Plaintiff H.H. Franchising Systems, Inc.'s Motion Requesting Final Default Judgment Against Defendants Sharon L. Clark and SLC Group, Inc. (Doc. 11). Defendants Sharon L. Clark and SLC Group, Inc. (collectively "Defendants") have not opposed Plaintiff's motion. For the reasons set forth below, the Court **DENIES** Plaintiff's Motion Requesting Final Default Judgment (Doc. 11), but the denial is without prejudice to Plaintiff's ability to supplement the record, either by affidavit or by testimony, as to the asserted damages.

## I.    FACTUAL BACKGROUND

Plaintiff filed this case on May 9, 2019, asserting three claims: (1) breach of contract, (2) unjust enrichment, and (3) personal guaranty of Clark. (Compl., ¶¶ 29–41, Doc. 1, #7–8). In its complaint, Plaintiff alleges the parties entered into a franchising agreement that required Defendants to pay Plaintiff royalty and branding fees. (*See id.* at ¶¶ 6–7, 11, 20–23, #2–3, #5–6). Plaintiff claims that because

Defendants failed to pay these fees, Plaintiff is entitled to $164,000 in compensatory damages, plus its costs and attorney fees. (*Id.* at #8).

Defendants were served with the complaint on May 30, 2019, and the proof of service was filed on June 7, 2019. (*See* Doc. 4). They were required to answer or otherwise respond to the complaint by June 20, 2019, but they failed to do so. Thus, Plaintiff requested an entry of default, which the clerk submitted on October 7, 2019. (Doc. 10).

On November 11, 2019, Plaintiff filed a motion requesting that this Court enter default judgment against Defendants and award Plaintiff $156,043.24, plus costs. (*See* Mot. for Default J., Doc. 11, #113). In support of its motion, Plaintiff provides the affidavit of William Burlingham, Plaintiff's Chief Financial Officer. (*See* Burlingham Decl., Doc. 11, #116–20). Burlingham says Defendants breached the 2013 Franchise Agreement and owe Plaintiff fees under three different sections of the Agreement: a royalty fee under Section 5.1, a National Branding Fee under Section 5.2, and a late fee under Section 5.3. (Burlingham Decl. at ¶¶ 7–9, #117–19; Compl., Ex. A, #17–19).

First, Burlingham explains that Section 5.1 of the 2013 Franchise Agreement required Defendants to pay Plaintiff a monthly royalty ranging from three to six percent of SLC's gross revenues. (Burlingham Decl., ¶ 7, #117–18; Compl., Ex. A, #17–19). Burlingham says Defendants failed to pay this fee and, "based upon gross revenues reported by Defendants," Defendants owe Plaintiff $127,355.12 (which includes the royalty fee, late fee, and interest). (*See* Burlingham Decl., ¶ 7, #117–18). Burlingham includes a chart of his calculations that list the royalty fee, late fee, and

interest, but does not include the "gross revenues reported by Defendants." (*Id.* at ¶ 7, #118).

Second, Burlingham states that Defendants owe Plaintiff a "National Branding Fee" as set forth in Section 5.2. (*See* Burlingham Decl., ¶ 8, #118; Compl., Ex. A, #19). Under Section 5.2, Defendants agreed to pay either 1% of SLC's gross revenues or $300 per month, whichever was greater. (*See* Burlingham Decl., ¶ 8, #118; Compl., Ex. A, #19). On January 1, 2018, per Section 5.2, this Fee increased to 2% of SLC's gross revenues with a $500 monthly minimum. (*Id.*). This monthly minimum increased again on January 1, 2019, to $600 per month. (*Id.*). Again, Burlingham provides a chart of his calculations, listing the Fee, late fee, interest, and Defendants' partial payment, but does not list "SLC's gross revenues." (*See* Burlingham Decl., ¶ 8, #118–19). For failing to pay this Fee, Defendants now owe Plaintiff $28,688.12 (including the Fee, a late fee, and interest). (*Id.*).

Lastly, Section 5.3 set out a late fee of fifty dollars or ten percent of the amount due, whichever was greater, for any payment not received within five days after the due date. (*See* Burlingham Decl., ¶ 9, #119; Compl., Ex. A, #19). If Plaintiff did not receive a late fee within thirty days after its due date, the payment would also bear interest at the rate of eighteen percent, per annum. (*Id.*).

Thus, Burlingham claims Defendants owe Plaintiff $127,355.12 for past-due royalties and $28,688.12 for past-due National Branding Fees, which makes a total of $156,043.24 (including interest and late fees). (*See* Burlingham Decl., ¶ 11, #120). Plaintiff asks this Court to grant the motion for default judgment against Defendants,

thereby concluding that Defendants are liable on all three counts and entering judgment in favor of Plaintiff for the amount calculated above, plus costs.

## II.    LEGAL STANDARD

When a defendant "fail[s] to plead or otherwise defend" against a lawsuit, and the plaintiff shows that failure "by affidavit or otherwise," then "the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Upon the clerk's entry of default, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Broadcast Music, Inc. v. Pub Dayton, LLC*, No. 3:11-cv-58, 2011 WL 2118228, at *2 (S. D. Ohio May 27, 2011); *see also Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). These damages can be proven either at an evidentiary hearing or by examining any affidavits and documentary evidence the plaintiff submits on the issue of damages. *See United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015). If the amount of money Plaintiff seeks is supported by affidavits and capable of being ascertained from definite figures in the documentary evidence, then a hearing on damages is not required. *Id.*

## III.    DISCUSSION

Here, taking Plaintiff's allegations as true, and after considering Plaintiff's unrebutted supporting affidavits, this Court concludes that Plaintiff has adequately stated three claims and thus is entitled to monetary relief. But this Court needs more information before it can appropriately determine the amount of damages that Plaintiff has suffered. Specifically, Plaintiff omitted the "gross revenues reported by

Defendant[s]" upon which Plaintiff based its royalty fee and National Branding Fee calculation. (*See* Burlingham Decl., ¶¶ 7–8, #117–19). Without the underlying gross revenue amounts, and the dates on which Defendants allegedly received those gross revenues, the Court cannot assess whether Burlingham's fee calculations are accurate. So, although Plaintiff has established Defendants are liable on all three counts of the Complaint, to date Plaintiff has failed to adequately prove its damages.

## IV.    CONCLUSION

For the above reasons, the Court **DENIES** Plaintiff's Motion for Default Judgment. (Doc. 11). This denial is without prejudice to Plaintiff's ability to supplement the record, either (1) by providing a supplemental affidavit from Burlingham, in which he attests under oath to the amount of "gross revenues reported by Defendants," and the date on which Defendants received those revenues, as referred to in Paragraphs 7 and 8 of his current affidavit (*see* Burlingham Decl., ¶¶ 7–8, #117–18), or (2) by moving the Court to hold an evidentiary hearing where Burlingham can further testify as to the factual basis underlying his damages calculations.

**SO ORDERED.**

February 19, 2020
**DATE**                                     **DOUGLAS R. COLE**
                                             **UNITED STATES DISTRICT JUDGE**